BLANCHE, Judge
(dissenting).
The majority correctly states the law concerning when a contract may be avoided for unilateral error but is in error for failing to consider what plaintiff, Daniel G. Griffin, knew or should have known. There is not even a suggestion by the evidence in the record that Griffin either knew or should have known that defendant’s president and general manager, T. Warren Michot, wanted a Paymaster check-writer and only a Paymaster checkwriter. Therefore, being unable to presume that Griffin was aware of Michot’s error, I think the contract should not be avoided.
While Michot may have been in error as to the person with whom he was dealing, he should not have been in error as to the quality of the object of the contract. The preponderance of the evidence is that Michot should have known what he was purchasing. It is uncontradicted that the qualities of both the F & E checkwriter which Michot purchased and the Paymaster checkwriter were discussed. The two machines were side by side on Michot’s desk and bore distinguishable physical characteristics and lettering identifying the brand of each. Added to this is the fact that Michot signed an invoice showing that he purchased an F & E checkwriter. The majority excuses Michot for being in error as to the object of the contract by first finding that Griffin misrepresented himself as an agent of Paymaster and then finding *927 that Michot was a very busy man, talking on the telephone and over the radio while Griffin was trying to sell him a check-writer. If he was too busy to hear what Griffin was telling him and if he did not bother to notice the distinctly different machines placed before him and if he did not read the invoice showing the type of checkwriter he was purchasing, he should be estopped from claiming that he acted under an error because of the significant contribution he made thereto. There is no reason to excuse Michot from not reading what he signed or not seeing what he should have seen just because as an extremely busy executive he did not have sufficient time for a ninety-five dollar checkwriter deal.
I am of the opinion that judgment should be rendered for the plaintiff for the purchase price of the checkwriter, and to that extent I would reverse the judgment of the district court.